**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WESLEE A. ALEXANDER,**

    **Petitioner,**                            **CASE NO. 2:10-CV-481
                                                          JUDGE FROST
        v.                                         MAGISTRATE JUDGE KING**

**WARDEN, NOBLE CORRECTIONAL
INSTITUTION,**

    **Respondent**.

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Doc. Nos. 1, 14, Respondent's *Return of Writ,* Doc. No. 6, Petitioner's *Traverse*, Doc. No. 8, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### FACTS and PROCEDURAL HISTORY

Petitioner was indicted by the October 2008 term of the Muskingum County grand jury on charges of possession of 1,000 to 5,000 grams of marijuana, possession of less than one gram of crack cocaine, possession of less than five grams of cocaine, possession of 200 to 1,000 grams of marijuana, having a firearm after having been convicted of aggravated trafficking in drugs, and having a dangerous ordnance, *i.e.*, a sawed off shotgun, with specifications. *Exhibit 1 to Return of Writ*. On November 17, 2008, pursuant to the terms of his negotiated plea agreement, Petitioner pleaded guilty to possession of marijuana, crack cocaine and cocaine, with forfeiture specifications. *Exhibits 2 &3 to Return of Writ*. On December 22, 2008, the trial court imposed an aggregate term of four years incarceration. *Exhibit 4 to Return of Writ.* Petitioner did not pursue a timely appeal;

however, on November 20, 2009, he filed a motion for delayed appeal, alleging that the trial court imposed a longer sentence than he had anticipated and that, although he had requested that his attorney file an appeal, she had not done so. *Exhibit 5 to Return of Writ*. On January 8, 2010, the state appellate court denied Petitioner's motion for delayed appeal. *Exhibit 6 to Return of Writ*. On May 5, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal as not involving any substantial constitutional question. *Exhibit 9 to Return of Writ.*

On May 28, 2010, Petitioner filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was amended and signed by petitioner on September 26, 2011. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denial of effective assistance of counsel.
>
> For numerous recorded reason[s], such as devoting no time nor invest[igation] towards my case, nor preparing defense, tricking me into a plea agreement, not filing my appeal and thereby causing me to be afraid to file appeal, failure to argue conflict.
>
> 2. Denial of right of appeal.
>
> Counsel caused delay in appeal due to scare of loss of my home and lack of assistance.
>
> 3. Plea agreement induced by unknowing result and promise.
>
> Counsel influenced me into the plea by promising 2 years and then once I entered plea was doubled to 4 y[ears].

It is the position of the Respondent that Petitioner's claims are procedurally defaulted because Petitioner failed to file a timely appeal to the state appellate court.

**PROCEDURAL DEFAULT**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a Court must undertake a four-part analysis when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, the Court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court determines that the petitioner failed to comply with an adequate and independent state procedural rule, then the petitioner must demonstrate good cause for his failure to follow the procedural rule as well as actual prejudice from the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to

3

raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

In claim one, Petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to prepare a defense, tricked him into pleading guilty, failed to file an appeal, caused petitioner to be afraid to file an appeal, and failed to "argue conflict." *Petition*, at 4. In claim three, Petitioner asserts that his guilty plea was induced by an assurance that he would be sentenced to only two years incarceration.

To the extent that these claims rely on matters that are readily apparent from the face of the record, such claims should have been raised on direct appeal. Petitioner failed to timely appeal, however, and the Ohio Court of Appeals denied his motion for delayed appeal under Ohio Appellate Rule 5(A).[1] Petitioner has thereby procedurally defaulted such claims. *See Stone v. Moore*, 644 F.3d 342 (6th Cir. 2011)(citing *Beard v. Kapture*, 558 U.S. –, 130 S.Ct. 612 (2009); *Walker v. Martin*, – U.S. –, 131 S.Ct 1120 (2011).

To the extent that these claims rely on matters not readily apparent from the face of the record, such claims should have been raised in a petition for post conviction relief pursuant to O.R.C. §2953.21; however, the time period for filing a post conviction petition has long since

---

[1] Rule 5 of the Ohio Rules of Appellate Procedure provides in pertinent part:

(A) Motion by defendant for delayed appeal.

(1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

(a) Criminal proceedings[.]

\*\*\*

(2) A motion for leave to appeal shall. . . set forth the reasons for the failure of the appellant to perfect an appeal as of right[.]

4

expired.[2]  Moreover, a motion for leave to file a delayed post conviction petition would almost certainly be denied.[3]  The state courts were therefore never given an opportunity to enforce the procedural rule at issue here due to the nature of Petitioner's procedural default.

These procedural rules relating to timely filings constitute adequate and independent bases upon which to foreclose review of Petitioner's claims.  The state courts must be given a full and fair opportunity to remedy alleged constitutional defects.  The time requirements for filing direct appeals and post conviction petitions serve the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity.

The Court therefore concludes that Petitioner has waived claims one and three for federal habeas corpus review.  Petitioner may still obtain review of the merits of these claims if he

---

[2]  O.R.C. §2953.21 provides in relevant part that a post conviction petition must be filed "not later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction . . . .  If no appeal is taken, . . . the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." §2953.21(A)(1)(a)(2).

[3]  O.R.C. § 2953.23 provides in relevant part:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:

(1) Either of the following applies:

(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

establishes cause for failing to comply with the State's procedural rules, as well as actual prejudice from the alleged constitutional violations. As cause for his procedural default, and in claim two of this habeas corpus petition, it appears that Petitioner asserts that these defaults are attributable to defense counsel, because she did not file a timely appeal.[4] For the reasons that follow, the Court concludes that Petitioner's allegations are not supported by the record.

On November 17, 2008, Petitioner signed a guilty plea agreement indicating that he understood his right to appeal a maximum sentence and his other limited appellate rights, and that any appeal must be filed within 30 days of his sentence. *Plea of Guilty, Exhibit 2 to Return of Writ.* On December 22, 2008, the trial court imposed an aggregate sentence of four years incarceration. *Exhibit 4 to Return of Writ.* Petitioner waited approximately eleven months later, until November 20, 2009, to file his motion for a delayed appeal. *Exhibit 5 to Return of Writ.* In his affidavit in support of his motion for a delayed appeal, Petitioner stated that he told his attorney to appeal his sentence because the trial court had imposed a longer sentence than Petitioner had anticipated. His attorney promised to contact him and, shortly thereafter, she wrote to Petitioner regarding the filing of an appeal as to a single claim. According to Petitioner, "her letter made me think I would lose my home if an appeal was filed, and I wanted her to come and see me and explain to me about my appeal, which would include my other claims I felt needed to raise."

> However. . . she confused me by writing me again and basically telling me my time for an appeal is running, even though I wrote her wanting her to contact me. So I patiently waited, however she never

---

[4] Respondent contends that Petitioner procedurally defaulted claim two by failing to file a timely appeal. This Court does not agree. The factual basis for claim two did not arise until the Ohio Court of Appeals denied Petitioner's motion for a delayed appeal. Moreover, Petitioner presented his allegations in support of claim two as grounds for the untimely filing of his notice of appeal. This Court therefore concludes that Petitioner has fairly presented claim two to the Ohio courts. In any event, Respondent alternatively argues that the claim is without merit. For reasons to be discussed, this Court agrees.

> showed up, nor returned a response to my letter.
>
> So I told my dad about the situation, and he said if it happens this way with him, he too would file an appeal and that way both of our sentences could be reviewed since we are co-defendants.
>
> So after not hearing anything more from my attorney and too afraid to lose my home to file on my own, I waited to see what my dads [sic] counsel would hopefully do, but, unfortunately, he too failed to file an appeal. So then when me and my dad found out that we both were deprived to assistance of counsel we did all we knew to do, go to the law library and ask the prison law clerk. . . . who[] informed me that I would not lose my home and my counsel should have filed an appeal. . . and showed me how to file this action. However, this being three weeks ago, I was told I needed a[n] entry first before I could file for my appeal.
>
> This is why I am late, and it was all out of my control and I could not [have], but for the errors of counsel, filed any sooner than now.

*Affidavit of Weslee Alexander, Exhibit 5 to Return of Writ*. The Ohio Court of Appeals denied Petitioner's motion, concluding that he had failed to establish good cause for his delay in filing a timely appeal. *Exhibit 6 to Return of Writ*.

In a letter dated December 29, 2008, defense counsel advised Petitioner that he had thirty days from December 23, 2008, to file his appeal. "You are entitled to a court-appointed attorney for the appeal and I'm happy to do that for you or the Court may appoint somebody else. Please contact me if you have any questions." *Exhibits to Petitioner's Reply*. In that letter, she also advised Petitioner that she would raise on appeal the claim that, in light of Petitioner's indigency, the trial court had improperly imposed a $5,000 fine. *See id.* Nonetheless, Petitioner did not file a timely appeal, nor did he request that his attorney do so. Instead, he waited approximately eleven months to file his motion for a delayed appeal. Nothing in the record supports Petitioner's allegation that his attorney improperly threatened him or caused him to believe that he would lose his home

7

if he filed a timely appeal. To the contrary, defense counsel advised Petitioner of the time limits for filing the appeal and of the possibility of a court-appointed attorney and even expressed her willingness to file an appeal on Petitioner's behalf. Petitioner's claim that he was denied his right to appeal, and that it was his attorney who caused his delay in filing an appeal is belied by record.

Claim two is without merit. It also follows that Petitioner has failed to establish cause and prejudice for his procedural default of claims one and three.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333 (1992). The record fails to reflect that this is such a case.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation*

will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                *s/ Norah McCann King*
                                                Norah McCann King
                                                United States Magistrate Judge

September 30, 2011